**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1508
_____

TIMOTHY M. FLANNERY,
Appellant

v.

CHIEF JUSTICE RHYS S. HODGE, ASSOCIATE JUSTICE MARIA M. CABRET,
ASSOCIATE JUSTICE IVE A. SWAN
_____

On Appeal from the District Court of the Virgin Islands
(D.C. No. 3-19-cv-00115)
Chief District Judge:  Honorable Robert A. Molloy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 5, 2022
_____

Before:  CHAGARES, <u>Chief Judge</u>, GREENAWAY, JR. and FISHER, <u>Circuit Judges</u>

(Opinion filed: January 11, 2023)
_____

OPINION[*]
_____

_____

[*]    This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Thomas Flannery, proceeding pro se, filed a lawsuit against Rhys Hodge, Maria Cabret, and Ive Swan, the Chief Justice and two Associate Justices of the Virgin Islands Supreme Court, alleging that their handling of his attorney disciplinary complaints violated his rights under the First and Fourteenth Amendments. The District Court granted the Justices' motion to dismiss the complaint, holding that their acts were protected by legislative immunity. For the reasons explained below, we agree and will affirm the order of the District Court.

I.

We write solely for the parties and so recite only the facts necessary to our disposition. Because this appeal comes to us following a motion to dismiss, we recite the facts in the light most favorable to Flannery.

Flannery's complaint concerns the attorney disciplinary process under Virgin Islands Supreme Court rules. He alleges that he filed three grievances under the rules: (1) an "attorney misconduct" complaint filed in December 2014; (2) an "unauthorized practice of law" complaint filed in December 2015; and (3) a complaint under Rule 207.15(j)[1] concerning his December 2015 complaint that he filed in August 2016. Supplemental Appendix ("SA") 3. Flannery alleges, with respect to those three complaints, that he "was barred from any appeal" and that he had "no right to petition to seek redress." Id. He also claims that the Chief Justice was not informed of his Rule

---

[1] Rule 207.15(j) concerns complaints against disciplinary agency members. See V.I. Sup. Ct. R. 207.15(j).

207.15(j) complaint, contrary to the requirements under the rules.

Flannery further contends that he was dissuaded from filing another complaint relating to alleged unauthorized practice of law after he was told in an email by Supreme Court personnel that he should file the grievance under the usual procedures. Per Rule 207.15(h), those procedures do not include appellate rights, a fact that Flannery suggests deterred him from filing his additional complaint. His final factual allegation is that he "fears" that his application to transfer a civil case to the Supreme Court docket was delayed because he mentioned his August 2016 Rule 207.15(j) complaint, which "bolster[s]" his "opinion" that the Chief Justice was never informed of the complaint. Id.

Flannery concludes his complaint by opining that "without a limited system of appeals . . . the Supreme Court Justices appear to be walled off from reality" and that "[a] limited appeal" is "the solution to a my[r]iad of issues." Id. He seeks a declaratory judgment that his rights were violated.

Flannery brought his complaint pursuant to 42 U.S.C. § 1983, arguing that the defendants' conduct violated his rights under the First and Fourteenth Amendments. The defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the defendants' acts were protected by judicial immunity. The District Court granted the motion, holding that the defendants' acts were protected by legislative (not judicial) immunity. Flannery appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331 and we have appellate

jurisdiction under 28 U.S.C. § 1291.[2]  We exercise plenary review over a district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim.  St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299–300 (3d Cir. 2020).

III.

Flannery alleges that his rights were violated because he had no right to appeal the dispositions of his various attorney disciplinary grievances and because the Chief Justice was never informed of his 207.15(j) complaint as required by the Virgin Islands Supreme Court Rules.  The District Court held that pursuant to Supreme Court of Virginia v. Consumers Union of the United States, Inc., the defendants were protected by legislative immunity.  446 U.S. 719 (1980).  We agree.

In Consumers Union, a consumer group brought a lawsuit against the Virginia Supreme Court and its Chief Justice.  Id. at 721.  In considering applicable immunities, the Supreme Court differentiated between acts performed in the defendants' legislative capacities, like the issuance of or the failure to amend the Virginia bar code, and acts in the defendants' judicial capacities, such as the adjudication of particular disciplinary cases brought under those rules.  Id. at 734.  The Supreme Court held that legislative

---

[2] The defendants moved to dismiss the appeal, arguing that we lack jurisdiction because Flannery's appeal was not timely filed.  Pursuant to Federal Rule of Appellate Procedure 4, "the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment."  Fed. R. App. P. 4(a)(1)(A).  The defendants are correct that Flannery's notice of appeal was filed on the appellate docket 34 days after judgment was entered.  But when the notice was filed on the appellate docket is irrelevant.  Flannery's notice of appeal was filed with the District Court 29 days after judgment was entered.  Accordingly, Flannery's appeal was timely filed and defendants' motion to dismiss the appeal will be denied.

immunity foreclosed suit against the Virginia Supreme Court and its Chief Justice for acts performed as part of their legislative functions. Id. But with respect to judicial acts, the Supreme Court held that while judges enjoy absolute immunity from damages liability, they are not insulated from declaratory or injunctive relief. Id. at 735. The Supreme Court ultimately concluded that, because the district court had awarded fees with respect to the Virginia Supreme Court's failure to exercise its rulemaking authority, a legislative function, the fee award was an abuse of discretion and must be vacated. Id. at 739.

In light of Consumers Union, we must determine whether Flannery's complaint implicates the defendants' legislative or judicial functions. The crux of Flannery's allegations is that his First and Fourteenth Amendment rights were violated because he lacked the right to appeal the dispositions of his grievances under the rules promulgated by the Virgin Islands Supreme Court. A complainant's lack of right to appeal dispositions in disciplinary proceedings derives from Rule 207.15(h), which provides that "[t]he complainant in a disciplinary matter shall not be considered as a party and shall have no standing to appeal the disposition of such matter." V.I. Sup. Ct. R. 207.15(h). That rule was promulgated by the Virgin Islands Supreme Court. See 4 V.I.C. § 32(e) ("The Supreme Court has exclusive jurisdiction to regulate . . . the discipline of persons admitted to the practice of law."). In other words, Flannery takes issue with the subject matter of the rules promulgated by the Virgin Islands Supreme Court. His lawsuit, therefore, is challenging acts by the defendants performed in their legislative capacities. Because those acts are protected by legislative immunity, the defendants are immunized

from Flannery's lawsuit and the District Court was right to dismiss it.[3]

On appeal, Flannery adds additional allegations that were not in his complaint, including that "the Chief Justice took no action to enforce" Rule 207.15(j), that the "defendants deliberately did not investigate [m]y complaint," and that there were various other issues relating to the processing of his complaints. Flannery Br. 3. He contends that had the District Court addressed the defendants' "enforcement rol[e]," then "it would have been clear that no immunity was available." Id. at 4.

Flannery's allegations and arguments about enforcement are raised for the first time on appeal. We adhere "to a 'well established principle that it is inappropriate for an appellate court to consider a contention raised on appeal that was not initially presented to the district court.'" Lloyd v. HOVENSA, LLC., 369 F.3d 263, 272–73 (3d Cir. 2004) (quoting In re City of Phila. Litig., 158 F.3d 723, 727 (3d Cir. 1998)). See also Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below."); In re Teleglobe Commc'ns. Corp., 493 F.3d 345, 376 (3d Cir. 2007) (collecting cases in support of the "longstanding rule" that "a party must raise an issue before the District Court in order to press it on appeal"). Accordingly, we will not consider Flannery's additional allegations and

---

[3] Flannery also alleges in his complaint that the Chief Justice was never informed of his Rule 207.15(j) complaint. That allegation, although not developed in the complaint, appears to take issue with the content of Rule 207.15(j), which directs "the Court" generally — and not the Chief Justice specifically — to assign special disciplinary counsel when complaints are made against disciplinary agency members. See V.I. Sup. Ct. R. 207.15(j). Because that allegation also takes issue with the content of the rules promulgated by the Virgin Islands Supreme Court, legislative immunity applies, and dismissal of the complaint was appropriate.

arguments, because they were not before the District Court and they were raised for the first time on appeal.[4]

Because legislative immunity applies to the defendants, the District Court did not err in dismissing the complaint for failure to state a claim.[5]

IV.

For the foregoing reasons, we will deny the defendants' motion to dismiss the appeal, we will deny the plaintiff's motion for judicial notice, and we will affirm the order of the District Court.

---

[4] It is for this same reason that we decline to consider Flannery's allegation of fraud on the court, which was not raised before the District Court. Because we are not considering that contention, we will also deny Flannery's motion for judicial notice, which asks us to consider public documents in support of his new argument that the defendants engaged in fraud on the court.

[5] We have considered Flannery's other arguments not specifically addressed here and conclude that they are without merit.